GARCIA, APPELLEE, *v.*
TILLACK ET AL., APPELLANTS.

(No. 3443—Decided June 1, 1983.)

*Mr. John Garcia, pro se.*
*Mr. Francis X. Cook,* for appellants.

GEORGE, J. On May 6, 1982, the plaintiff, John Garcia, filed a complaint against the defendants, T & A Apartments and Lawrence E. Tillack, his ex-landlord. Garcia sought a partial refund of his security deposit. Tillack counterclaimed for $213.50 for damages to the apartment, plus $200 for breach of the written lease.

A hearing was held before a referee to resolve this dispute. The referee found that Tillack was entitled to the cost of repairs of $147.50, and that he was not entitled to any rent payment. Thus, the referee recommended that Garcia receive a refund of $52.50 from the $200 deposit for security.

Over Tillack's objections, the trial court adopted the referee's recommendations and entered judgment on October 27, 1982. Tillack appeals arguing that the trial court erred in denying him $200 in lost rent.

Tillack raises two assignments of error that will be discussed together. The assignments of error assert that the trial court erred in adopting the referee's recommendation that notice was proper. This claim is based upon the failure of the referee's report to provide sufficient facts upon which the trial court could independently analyze the case and render a judgment. This court agrees.

Civ. R. 53 provides for the reference of certain disputes to referees. Under this provision, the referee has the power to regulate the proceedings, take evidence, and prepare a report for the trial court, which may include recommendations as to those matters submitted. Upon receipt of the report, the trial court has several options. It may reject or modify the report, hear additional evidence, return it to the referee with instructions, or hear the matter. Only the trial court can render a judgment in the case.

Civ. R. 53 requires the referee to prepare a report which contains such factual information as may be necessary to support the findings and recommendations made. *Jenkins* v. *Jenkins* (Dec. 1, 1976), Lorain App. No. 2422, unreported. The trial judge is then required to review the report and make an independent analysis of the underlying facts involved in the dispute. It is the duty of the trial judge to critically review and verify the correctness of the referee's report prior to its adoption. *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102.

In the instant case, the referee's report included a finding that the "[p]laintiff vacated the premises after proper notice. * * *" This is a conclusion that the notice was proper. Nowhere in the report is there any delineation of the facts upon which the referee relied to reach this conclusion.

The relevant language of the written lease reads as follows:

"5. The within premises are hereby rented for a period of 12 months, commencing Dec. 1st, 1979, and this agreement shall automatically renew itself thereafter, running continuously for like periods, unless tenant shall give to the landlord not less than thirty (30) days' written notice, prior to the expiration of the term then running, of tenant's intention to terminate said tenancy at the expiration of the then existing term, or unless the landlord shall legally notify tenant to vacate the within premises, or unless the landlord notify the tenant, by registered mail, of any change in the monthly rental or any other terms of the within agreement. * * *"

The lease required Garcia to pay rent in the amount of $200 per month. The term ran from December 1, 1979 to November 30, 1980. This tenancy was to be automatically renewed unless Garcia gave Tillack thirty days written notice of his intention to terminate prior to the date of renewal. Additionally, the lease provided for termination upon the landlord's modification of the rental terms.

In order to conclude that the notice was proper, the referee had to make several factual determinations. First, the referee had to determine that the plaintiff gave timely notice. The terms of the lease created an annual tenancy, running from December 1, 1979 to November 30, 1980. This term was to be automatically renewed unless expressly terminated. The referee's report stated that the plaintiff vacated the premises on March 31, 1982. Since the lease required the plaintiff to give notice thirty days prior to the termination of the then existing term, for the referee to determine that timely notice was given, he had to find that the lease actually created a month-to-month tenancy.

Thereafter, he would have to find that the plaintiff gave notice prior to March 1982. The report is silent on these matters.

Second, the referee had to determine that the manner in which plaintiff gave notice was sufficient. This would require a finding that the plaintiff gave the defendant written notice, as called for in the lease. Alternatively, the referee could find that oral notice was given and was sufficient, but only after stating why there had been a waiver of the written notice requirement.

The issue of the propriety of the notice presented a factual dispute. The referee's finding that it was proper was a conclusion of a disputed issue. Therefore, the referee was required to set forth such findings of fact as would support that conclusion.

The referee's report is silent as to the facts considered by the referee to determine that proper notice was given. The trial court, therefore, had insufficient information upon which it could independently determine that the notice given was proper. Since the underlying facts were not furnished by the referee, the trial court erred by adopting the referee's finding that proper notice was given.

Therefore, the assignments of error are sustained to the extent that there was an adjudication that the defendant was not entitled to any rent as a result of a breach of the lease. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with law.

*Judgment reversed and*
*cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.