ADMINISTRATOR OF VETERANS AFFAIRS, APPELLEE, *v.* JACKSON ET AL., APPELLANTS.

(No. 13108 — Decided November 4, 1987.)

*Bruce G. Bernel,* for appellee.
*Charles L. Parker,* for appellants.

GEORGE, J. The defendant-appellant, Bot T. Jackson, appeals the judgment of the trial court granting plaintiff-appellee, Administrator of Veterans Affairs, a writ of restitution in a forcible entry and detainer action. This court affirms that judgment.

On January 3, 1986, the administrator gained title and a writ of possession to the real estate through a foreclosure action started in 1983 against the appellant. On August 26, 1986, the administrator served upon appellant a three-day notice to leave the premises. Appellant requested that he be given time to present an offer to purchase the premises. Five months later, the administrator filed the forcible entry and detainer action in the municipal court. A hearing was set for February 4, 1987. One day before the hearing, the appellant filed an answer, counterclaim and jury demand to the forcible entry and detainer complaint. Since the counterclaim exceeded the trial court's jurisdictional limits, the counterclaim was ordered transferred to the common pleas court.

On February 4, 1987, a hearing was held before a municipal referee on the forcible entry and detainer action.

The referee filed a report, finding that the administrator owned the property by virtue of the foreclosure action and was entitled to possession because appellant had failed to pay rent since April 1986. Thus, the referee recommended that the writ be issued. On February 4, 1987, this recommendation was adopted by the trial court.

Appellant filed objections to the referee's report and the administrator filed a reply. Prior to the trial court's ruling on this motion, appellant filed his notice of appeal. This appeal is based upon the February 4, 1987 judgment.

Assignments of Error

"1. The plaintiff failed to comply with the requirements of Section 1923.04, Ohio Revised Code, regarding service of a proper notice.

"2. The notice served August 26, 1986 failed to satisfy the requirements of Section 1923.04, Ohio Revised Code, inasmuch as it was stale, and plaintiff authorized defendant to remain in possession as is evidenced by defendant's Exhibit 'A' and the testimony of Bot Jackson."

The appellant claims that the administrator failed to comply with the notice requirements of R.C. 1923.04. Appellant asserts that the notice was improper for two reasons. First, the mandatory language required by the statute was not conspicuous. Second, the notice was stale since the administrator delayed filing the complaint until approximately five months after the notice was served.

R.C. 1923.04 provides in pertinent part:

"(A) * * * a party desiring to commence an action under this chapter, shall notify the adverse party to leave the premises, for the possession of which action is about to be brought, three or more days before beginning the action * * *.

"Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: 'You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.' "

The notice from the administrator was in letter form. The mandatory language of R.C. 1923.04 was recited in a separate paragraph, in capital letters. The appellant asserts that this language is not conspicuous because it is indistinguishable from the rest of the letter. By analogy, the Uniform Commercial Code defines "conspicuous" as "[a] term or clause * * * written [so] that a reasonable person against whom it is to operate ought to have noticed it." R.C. 1301.01(J). The notice here set forth the mandatory language in a conspicuous manner.

The notice requirements state that such notice must be filed "three or more days before beginning the action." R.C. 1923.04(A). In this case, the administrator filed the notice on August 26, 1986. At the request of the appellant, the administrator delayed filing the eviction action. This delay was initiated by the appellant so that he could present a proposal to repurchase the property. The fact that the administrator gave more than three days in which to vacate the premises acted to benefit the appellant. The appellant invited the delay and cannot now complain that it was unreasonable.

For the foregoing reasons, assignments of error one and two are overruled.

## Assignment of Error 3

"The plaintiff herein wholly failed to serve any notice under Section 5321.17, Ohio Revised Code."

The appellant contends that the administrator failed to serve the thirty-day notice of termination under R.C. 5321.17 and the failure to serve this notice precludes the administrator from serving the three-day notice required in R.C. 1923.04. R.C. 5321.17 provides in pertinent part:

"(B) The landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date.

"(C) This section does not apply to a termination based on the breach of a condition of the rental agreement or the breach of a duty and obligation imposed by law."

In this case, no landlord-tenant relationship existed and thus it was not necessary for the administrator to serve the statutory thirty-day notice. On January 3, 1986, the administrator gained title to the real estate through a foreclosure action against the appellant. The confirmation of sale gave the administrator a right of possession, which was not executed upon. The appellant remained in the premises during the exploration of his ability to repurchase. The administrator subsequently filed a forcible entry and detainer action to recover possession. Therefore, R.C. 5321.17 does not apply. The third assignment of error is not well-taken.

## Assignment of Error 4

"The trial court erred prejudicially in refusing to grant defendant a trial by jury."

The appellant claims that the referee erred by refusing to grant appellant a jury trial. On January 23, 1987, appellant was served with the complaint and summons, which included the language required under R.C. 1923.06(B) informing him that he may request a trial by jury. Appellant filed his jury demand on February 3, 1987, one day before the hearing. R.C.

1901.24 provided, at that time, in pertinent part:

"Any cause in a municipal court, either civil or criminal, shall be tried to the court unless a jury trial is demanded in writing by a party entitled to the same. A demand for a jury trial in civil cases must be made in accordance with rule of court, and if there is no rule, then not less than three days before the date set for trial * * *." (This section was amended, effective March 19, 1987, which amendment now requires that a jury demand be made in the manner prescribed by the Civil Rules.)

Akron Municipal Court Rule 33 provides:

"A demand for jury trial [in forcible entry and detainer actions] shall be made in accordance with AMCR No. 19(A), except that it shall not be made less than three (3) days prior to the trial date. * * *"

The appellant would have been entitled to a jury trial under the statute, provided he made a request three days prior to trial. Rule 33 of the Akron Municipal Court merely regulates the method of making a jury demand in a forcible entry and detainer action.

Since the jury demand was not timely made, the decision of the referee was proper and the right to a jury trial was waived. This assignment of error is not well-taken.

### Assignment of Error 5

"The court below failed to allow defendant the opportunity to file objections to the report of the referee and failed to rule on the objections filed, and such actions prejudiced materially the rights of the defendant."

Appellant asserts that the trial court failed to allow him an opportunity to file objections to the referee's report, before final judgment was entered. The appellant additionally asserts that the trial court failed to rule on the objections which were filed

after final judgment. On February 4, 1987, the referee issued his report, and on the same day the court ordered that a writ of restitution issue. On February 13, 1987, appellant filed objections to the referee's report and on February 20, 1987, the administrator filed a memorandum in opposition to these objections. Appellant filed his notice of appeal on March 4, 1987. At the time of this appeal, the trial court had not ruled on these objections.

A forcible entry and detainer action is a statutory remedy which provides a summary method for obtaining restitution of possession of the property. *Rubino* v. *Showalter* (1985), 24 Ohio App. 3d 232, 233, 24 OBR 443, 495 N.E. 2d 31, 32, citing with approval *Haas* v. *Gerski* (1963), 175 Ohio St. 327, 330, 25 O.O. 2d 212, 214, 194 N.E. 2d 765, 767. The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate. *Carroll* v. *O'Conner* (1874), 25 Ohio St. 617.

While the Rules of Civil Procedure are generally applicable to all civil proceedings in Ohio, Civ. R. 1(C) provides an exception:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer * * *."

Civ. R. 53 governs the appointment, duties and powers of referees. The Supreme Court of Ohio has held that Civ. R. 53(E) is inapplicable to forcible entry and detainer proceedings. *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129, 21 O.O. 3d 81, 423 N.E. 2d 177. In *Jackson,* the court stated:

"Given the summary nature of this proceeding, and recognizing that the crowded dockets common to Municipal Courts in Ohio require use of referees, we find no need to compel strict

adherence to Civ. R. 53 governing referees. Rather, the trial court need only comply with the forcible entry and detainer statute provisions requiring a judge, and not the referee, to make the final judgment entry, as the trial court did in this case. Civ. R. 53(E), requiring a 14 day delay between the filing of the report by the referee and the final judgment entry by the judge, by its nature is clearly inapplicable since it would destroy the summary nature of forcible entry and detainer proceedings." *Id.* at 131-132, 21 O.O. 3d at 83, 423 N.E. 2d at 179.

Clearly, the trial judge here did not have to wait to adopt the referee's report and enter a final judgment.

Effective July 1, 1985, two new sections were added to Civ. R. 53. The impact of these additions must be viewed in the context of *Housing Authority, supra.* Subparagraph (E)(6) provides that a party objecting to the court's adoption of the findings of fact in the referee's report must supply written objections supported by relevant excerpts from the referee's hearing or affidavits. Subparagraph (E)(7) provides that the trial court has the option of entering judgment on the basis of the findings in the referee's report without waiting for timely objections of a party. But if the court does enter judgment before a party timely objects, the timely objection will act as an automatic stay of the judgment until the court rules on the objections. Whether these subparagraphs are applicable to forcible entry and detainer actions is determined by the effect these subparagraphs have on the summary nature of the proceedings.

The sole issue in a forcible entry and detainer action is who is entitled to the present possession of the real estate. If a tenancy is a periodic, month-to-month tenancy, the landlord must serve the tenant with the proper thirty-day notice of termination of tenancy required by R.C. 5321.17. Since this was not a periodic tenancy, no thirty-day notice was required.

Preliminarily, the factfinder, either a referee or a judge, must be satisfied that the landlord has complied with the procedural requirements entitling the bringing of a forcible entry and detainer action. Before the court will order a tenant to vacate the premises, the factfinder must determine: first, whether the statutory three-day notice was served upon the tenant; second, whether three or more days have elapsed from the service of the three-day notice to the filing of the action petitioning the trial court for a writ of restitution; and third, whether there was proper service of the summons and complaint. All three procedural requirements must have been met before the matter may proceed to a hearing. In this case, these requirements were met.

Once these preliminary steps have been followed, there are only two factual determinations which need to be made: (1) Does the landlord have title or some other right of present possession? and (2) Is the tenant unlawfully holding possession? If these two questions are answered in the affirmative, then the landlord is entitled to be granted a writ of restitution to obtain possession.

When rendering the report required by Civ. R. 53, a referee must set out those findings of fact which support his recommendation that a writ of restitution should issue. Here, the referee found that the administrator owned the property, by virtue of the foreclosure action, and that the appellant had failed to pay rent since April 1, 1986. The trial judge is then required to independently analyze the underlying facts and conclude whether the writ should issue. *Garcia* v. *Tillack* (1983), 9 Ohio App. 3d 222, 9 OBR 372, 459 N.E. 2d 918. The referee's report

here provided sufficient information upon which the trial court could make such an independent determination. *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, 2 OBR 653, 443 N.E. 2d 161.

To provide additional time to consider objections to the referee's report and to automatically stay the proceedings until the trial court has had an opportunity to sustain or overrule the objections would destroy the summary nature of the proceeding. Thus, Civ. R. 53, as amended, is inapplicable under the rationale of *Housing Authority, supra.*

Finding that, under the authority of Civ. R. 1(C), and *Housing Authority, supra,* that Civ. R. 53 is inapplicable to proceedings in forcible entry and detainer, the fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.