## Funk v. Funk
### [Cite as 2 AOA 231]

Case No. CA-2715
Richland County, (5th)
Decided May 11, 1990

*Civ. R. 53(E)*

David Homer, 13 Park Avenue West, Suite 404, Mansfield, Ohio 44902, For Plaintiff-Appellant.

*Thomas L. Cole, Cole & Brown Co., L.P.A., 28 Park Avenue West, Mansfield, Ohio 44902, For Defendant-Appellee.*

HOFFMAN, J.

Plaintiff-appellant, Kay L. Funk nka Jones, and Bruce B. Funk were divorced in the Court of Common Pleas of Richland County on July 20, 1987. Appellant-mother was awarded custody of the three minor children whose names and ages (at the time of the divorce) were David (13), Michael (11), and Brian (9). Appellee-father was granted standard order of visitation rights.

After a series of post-decree motions were filed by both parties, appellee filed a motion (Nov. 18, 1988) for change of custody involving Brian. In response, the court ordered that the parties submit to a home investigation to be conducted by the domestic relations court.

On March 16, 1989, appellant moved the court to appoint a guardian *ad litem* for Brian, and the court appointed Attorney John R. Enderle at her request. On May 12, 1989, the guardian *ad litem* returned his report to the court. The report notes that despite the fact that Brian was twelve (12) years of age and his election was to remain with his mother, the guardian *ad litem* recommended that custody of Brian be transferred from his mother to his father. He noted:

"It is very apparent to me that Mrs. Jones has programmed Brian to be fearful of his father and perceive contact with his father as hurting his mother. Unfortunately, Mr. Funk's prior physical abuse of David and inappropriate behavior have made Mrs. Jones' programming efforts easier by being more believable to the child. There is little doubt that given the opportunity, Mrs. Jones will continue to undermine any efforts for Brian to have a relationship with Mr. Funk. It is also because of the programming of Brian that, notwithstanding the fact that he is now 12 years of age and able to elect a custodial parent, that election cannot seriously be considered a voluntary and free election on the child's part and therefore has not been considered in this recommendation."

Appellee's motion came on for hearing before a referee (Bambi S. Couch). Both parties were represented by counsel at said proceeding as well as the presence of the guardian *ad litem* Enderle. At the hearing, the testimony of Brian was introduced by a proffer to which appellee objected. By Stipulation filed June 26, 1989, the parties agreed that Referee Couch would hear the evidence and render "factual findings" pursuant to Civ. R. 53(E)(5).

The referee did not issue a report of any kind. However, the court filed a judgment entry (on Aug. 10, 1989), granting the change of custody to be effective the next day (Aug. 11, 1989). A copy of said entry is attached hereto and made a part of our memorandum-opinion.

Appellant assigns the following sole error:

THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ORDERING THAT THE CUSTODY OF THE MINOR CHILD BE CHANGED FROM APPELLANT TO APPELLEE WITHOUT FINDING THAT THERE WAS A CHANGE OF CONDITIONS FROM THE TIME OF THE DIVORCE DECREE WHICH AWARDED CUSTODY OF SAID MINOR CHILD TO HIS MOTHER.

I

We do not reach the merits herein for the following reasons. Civ. R. 53(E)(5) reads as follows:

"(5) *When Effective.* The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to such an error or defect. The court shall enter its own judgment on the issues submitted for action and report by the referee."

Although the intent, spirit and mechanism of the rule is clear on its face, the Staff Notes to the rule expand upon it as follows:

"Amended effective, July 1, 1985, Civil Rule 53(E)(5) will continue to provide that the report of a referee shall be effective only when approved and entered of record by the court. The amendment, however, in effect cautions the trial judge to review the referee's report carefully before entering judgment.

"First, the language added by amendment states that the referee's "findings of fact" shall be sufficient for the court to make an

independent analysis of the issues in order to apply the appropriate law when entering a judgment. See *Garcia v. Tillack,* 9 OApp3d 222, 9 OBR 372, 459 NE2d 918 (1983).

"Second, the new language provides that the court may adopt the referee's recommendations concerning appropriate conclusions of law, but the court shall determine whether there is "any error of law or other defect on the face of the referee's report" even though no party has objected to such an error. See *Normandy Place Assoc. v. Beyer,* 2 OS3d 102, 2 OBR 653, 443 NE2d 161 (1982).

"*The final sentence of the amendment cautions the court to enter its own judgment on the issues submitted in the referee's report.*" (Emphasis added).

Without the referee even issuing a report herein for the trial judge's review, the court itself was in derogation of the rule. Obviously without a Report of Referee being issued, neither party could file objections to it for the court's subsequent review. Suffice it to say that it is less than comforting that a referee and judge of the Court of Common Pleas act (or fail to act) in a manner that ignores Rule 53.

We sustain appellant's sole assignment of error and reverse the judgment of the court below. This case is remanded to said court for further proceedings consistent with Ohio Civ. R. 53 and this memorandum-opinion.

*Judgment reversed and cause remanded.*

GWIN, J. Concurs.
MILLIGAN, P.J. Concurs in judgment only.