### Hackerd v. Miller
*[Cite as 5 AOA 160]*

*Case No. 58838*
*Cuyahoga County, (8th)*
*Decided July 5, 1990*

*Richard E. Hackerd, Esq., pro se, 1615 Ridgewood Avenue, #2, Lakewood, Ohio 44107, for Plaintiff-Appellant.*

*Tracy Miller, pro se, 1615 Ridgewood Avenue, #1, Lakewood, Ohio 44107, for Defendant-Appellee.*

*Per Curiam.*

Richard Hackerd brought a negligence action for monetary damages, in Lakewood Municipal Court, against his neighbor, Tracy Miller. Hackerd claimed that as Miller negligently backed out of a parking space, her vehicle struck the right rear quarter panel of his automobile.

After a hearing, the referee made the following findings of fact and conclusions of law to which Hackerd timely objected:

*"FINDINGS OF FACT*

"1. Plaintiff is the titled owner of a 1986 Ford which was involved in a motor vehicle accident on June 12, 1989 in Lakewood, Ohio.

"2. Plaintiff failed to prove that defendant was negligent in the operation of a motor vehicle accident in Lakewood, Ohio on June 12, 1989.

*"CONCLUSIONS OF LAW*

"1. Since plaintiff has the burden to prove his case and since plaintiff failed to meet this burden, defendant must prevail.

"2. The Referee Recommends: Judgment for defendant, costs to plaintiff."

The municipal court adopted the referee's recommendations and overruled Hackerd's objections. Hackerd now appeals this decision charging that the referee's report set forth insufficient facts and that the court's judgment is against the manifest weight of the evidence.

Civ. R. 53(E) (5) sets forth in relevant part:

"The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. ***"

A referee's report must state the factual basis of his findings and recommendations to enable the court to independently analyze its validity before rendering judgment. *Proctor v. Proctor* (1988), 48 Ohio App. 3d 55; *Zacek v Zacek* (1983), 11 Ohio App. 3d 91; *Staggs v. Staggs* (1983), 9 Ohio App. 3d 109; *Garcia v. Tillack* (1983), 9 Ohio App. 3d 222; *Nolte v. Nolte* (1978), 60 Ohio App. 2d 227; *Logue v. Wilson* (1975), 45 Ohio App. 2d 132. Where the referee's report fails to set forth the facts which sustain its legal conclusions, the

court has insufficient information on which to decide the cause and its judgment is voidable. *Proctor, supra; Zacek, supra; Staggs, supra; Garcia, supra; Nolte, supra.*

We find the judgment of the trial court is based on insufficient information.

As the record contains no transcript and we have already determined that the referee's report is insufficient, we cannot determine if the court's judgment is against the manifest weight of the evidence. *Ankrom v. Ankrom* (1985), 30 Ohio App. 3d 47; Zacek,supra; *Garcia, supra.*

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

NAHRA, P.J., MALLONE, J., VICTOR, J.

Sitting by Assignment, Judge William H. Victor, retired from the Court of Appeals Ohio, Ninth Appellate District.

Sitting by Assignment, Judge Joseph P. Mallone, retired from Ashtabula County Common Pleas Court.