## Wheeland v. Waddle
*[Cite as 5 AOA 232]*

*Case No. 1884*
*Medina County, (9th)*
*Decided July 25, 1990*

*Roger R. Ingraham, Attorney at Law, 218 E. Washington St., Medina, OH 44256, for Plaintiff.*

*Lawrence J. Courtney, Attorney at Law, 203 N. Broadway, Medina, OH 44256, for Defendant.*

QUILLIN, J.

Defendant-appellant appeals the trial court's award of child support payments in the amount of $100 per month. We reverse.

Marvin Keith Waddle, II, was born on October 14, 1981. His parents, defendant-appellant, Marvin Keith Waddle and plaintiff-appellee, Christine Kay Stewart Whelland, were never married.

On November 26, 1985, a judgment was entered establishing paternity. The order stated that Waddle's child support obligation was to be $35 per week at the time Waddle obtained full-time employment. Waddle, however, is disabled and has not been employed since May of 1985. As a result, Waddle has never made child support payments. Waddle, however, does receive $368 per month in disability payments.

On August 18, 1989, Whelland filed a motion for child support. The domestic relations referee recommended that the trial court grant child support in the amount of $125 per month the referee stated that even though Waddle was not employed, a portion of his disability income should go to the support of his child.

Waddle objected to the referee's recommendation. The trial court heard arguments from counsel and entered an order of $100 per month in child support payments. Waddle appeals.

### Assignment of Error

"Both the referee and the judge erred by affirming the referee's recommendation, in as much as the child support order does not comply with the guidelines and the record shows no basis either by the referee or the court as why there should be a deviation from the guidelines."

C.P. Sup. R. 75(II) (which has since been codified in R.C. 3113.215, effective April 12, 1990), provides in part:

"For obligers with income of less than $500 per month, the Guidelines provide for case-by-case determination, of child support. In such cases, the Court should carefully review obligor income and living expenses to determine the maximum amount of child support that can reasonably be ordered without denying the obligor the means for self-support at a minimum subsistence level. A specific amount of child support should be ordered absent a demonstration of a total inability to establish the principle of the parent's obligation to provide monetary support to the child.

"*** ."

Also, the basic child support schedule in C.P. Sup. R. 75 indicates that when both parents combined gross income is $6,000, (the lowest income figure with suggested payments), the total child support obligation for both parents should be $20 per month for one child.

The child support guidelines, however, are only a starting point to be considered in conjunction with appropriate statutory provisions. *Drinkard v. Drinkard* (Jati. 11, 1989), Summit App. No. 13656, unreported. The trial court is granted broad discretion in deviating from the guidelines in cases where application would be inequitable to the child or one of the parties. C.P. Sup. R. 75(V).

In the case *sub judice,* the only evidence presented of either parties' income was the $368 per month Waddle receives in disability payments. The referee does not set forth Whelland's income, Waddle's resources and living expenses, or any other factor applicable to the amount of Waddle's child support payments. Civ. R. 53 requires the referee to prepare a report which contains such factual information as may be necessary to support the findings and recommendations made. *Garcia v. Tillack* (1983), 9 Ohio App. 3d 222.

Although R.C. 3109.05 and C.P. Sup. R. 75(V) list numerous factors to be considered by the trial court in setting child support, the referee's report fails to set forth any such factors justifying a recommendation of child support in the amount of $125 per month. Absent a sufficient report pursuant to Civ. R. 53, we hold that the trial court abused its discretion in setting Waddle's child support payments at $100 per month, when the only evidence on the record is Waddle's income amounting to $368 per month in disability benefits. The assignment of error is sustained.

The judgment of the trial court is reversed and remanded.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, of this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and*
*cause remanded.*

REECE, P.J., and BAIRD, J., concur.