ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
The Housing Division of the Cleveland Municipal Court issued a writ of restitution in favor of plaintiffs-appellees Dominic Miele and Aniello Miele and against defendant-appellant Robert Ribovich to evict Ribovich from occupying certain commercial property the Mieles owned in Cleveland, Ohio. Ribovich contends that the lower court erred because the magistrate did not provide the court with sufficient facts to justify the writ and because the Mieles did not give proper notice. We agree with Ribovich's first argument and therefore reverse the judgment.
The Mieles' complaint alleged that Ribovich leased the premises under an unwritten month-to-month tenancy for $1,500 per month. The Mieles further alleged that Ribovich breached the lease on or about June 1, 1998 by failing to timely pay rent when due. On September 14, 1998, the Mieles reportedly served Ribovich with a three-day notice to leave the premises and, when he did not leave the premises, the Mieles commenced this action for forcible entry and detainer on September 18, 1998 and requested a writ of restitution and damages against Ribovich.
The record reflects that Ribovich was duly served with the summons and complaint on October 2, 1998, and the issue of occupancy was apparently heard by a Housing Court magistrate on October 9, 1998. There apparently is no transcript or recording of that proceeding. It does not appear that the magistrate prepared a report or recommendation.
Instead, on October 22, 1998, the court entered judgment in favor of the Mieles on a pre-printed form that doubled as both the magistrate's decision and the court's judgment entry. In the upper portion of the form that the magistrate presumably completed, the form reflects that the first cause of action was heard with the plaintiff and defendant in court and records the disposition as: "Judgment for plaintiff. Writ of restitution to issue." In the lower portion of the form that the judge apparently completed, the form recites: "Upon review, the above magistrate's decision is approved and confirmed, and judgment is rendered accordingly." Neither the magistrate nor the judge provided any recitation of the facts on which the judgment was based.
Ribovich appealed the judgment on November 5, 1998. On November 6, 1998, the trial court granted Ribovich's motion to stay pending this appeal conditioned on Ribovich's payment of specified sums to the court. Ribovich's first assignment of error contends:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ADOPTED THE MAGISTRATES (SIC) DECISION WITHOUT A FACTUAL BASIS SUPPORTING THE DECISION.
Ribovich argues that the trial court erred in issuing the writ of restitution because that question was referred to a magistrate for hearing but the recommendation the magistrate made lacked any factual recitation to support the recommendation. We find the assignment of error to be well taken.
In Eisenberg v. Peyton (1978), 56 Ohio App.2d 144, this court held that it was error in an action for forcible entry and detainer for the trial court to issue a writ of restitution when the referee who heard the matter apparently recommended granting the writ but did not comply with Civil Rule 53 because the referee did not submit a report that contained facts to support the recommendation. In language that we think is as relevant to magistrates today as it was to referees under former practice, this court said:
 The powers of a referee are limited to regulating the proceedings at the hearing, taking evidence, and making a report and recommendation to the trial court. The referee does not have the power to enter judgment in a case. The judgment must be that of the trial court. While the trial court may completely adopt the referee's report as the judgment of the Court, this may not be done unless the report contains sufficient information to allow the Court to make its own independent analysis of the case.
Eisenberg v. Peyton, 56 Ohio App.2d at 146 (emphasis added) (citations omitted). Similarly, in Admr. of Veterans Affairs v.Jackson (1987), 41 Ohio App.3d 274, the court observed:
 When rendering the report required by Civ.R. 53, a referee must set out those findings of fact which support his recommendation that a writ of restitution should issue. * * * The trial judge is then required to independently analyze the underlying facts and conclude whether the writ should issue.
Id., 41 Ohio App.3d at 278.
In the instant case, however, there does not appear to have been any report prepared by the magistrate to inform the judge as to the facts that would support issuance of a writ of restitution. The single form signed by both the magistrate and judge here contains only check marks to reflect that plaintiff[1] and defendant were in court on the first cause of action and that there was "[j]udgment for plaintiff. Writ of restitution to issue." This hardly provides the information necessary for the court to make its independent determination.
We agree with the Mieles that proceedings for forcible entry and detainer are intended "to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate * * *" Cuyahoga Metropolitan Housing Auth. v. Jackson (1981),67 Ohio St.2d 129, 131 (citation omitted). Furthermore, rules which frustrate that purpose by creating time-consuming procedures are clearly inapplicable to proceedings for forcible entry and detainer pursuant to Civ.R. 1 (C) (3). In Cuyahoga MetropolitanHousing Auth. v. Jackson, supra, the referee who heard the matter concluded that the landlord was entitled to a writ of restitution and the trial court approved the referee's report that same day.Id., 67 Ohio St.2d at 129 and n. 1. The court of appeals held that the trial court did not comply with former Civ.R. 53 (E), which allowed a party fourteen days to object to the referee's report before the trial court could act on the report, but the Supreme Court of Ohio reversed and ruled that Civ.R. 53 (E) was clearly inapplicable to forcible entry and detainer proceedings. The court stated:
 Given the summary nature of this proceeding, and recognizing that the crowded dockets common to Municipal Courts in Ohio require use of referees, we find no need to compel strict adherence to Civ.R. 53 governing referees. Rather, the trial court need only comply with the forcible entry and detainer statute provisions requiring a judge, and not the referee, to make the final judgment entry, as the trial court did in this case. Civ.R. 53 (E), requiring a 14 day delay between the filing of the report by the referee and the final judgment entry by the judge, by its nature is clearly inapplicable since it would destroy the summary nature of forcible entry and detainer proceedings.
Cuyahoga Metropolitan Housing Auth. v. Jackson,67 Ohio St.2d at 131-132[2]
For similar reasons, the court in State ex rel. GMS ManagementCo., Inc. v. Callahan (1989), 45 Ohio St.3d 51, held that Civ.R. 52 was inapplicable to forcible entry and detainer proceedings, so it was unnecessary for the court that heard proceedings for forcible entry and detainer to delay rendering judgment while developing findings of fact and conclusions of law pursuant to Civ.R. 52. At the same time, the court ruled that the trial judge could prepare findings of fact and conclusions of law sua sponte within seven working days after the hearing on the merits.
The Supreme Court of Ohio similarly ruled in regard to former Civ.R. 53 (E) (7), which provided that the filing of timely objections to a referee's report operated as an automatic stay of execution of the judgment until the trial court disposed of them. In Colonial American Development Co. v. Grifffith (1990), 48 Ohio St.3d 72, the court held that this rule was clearly inapplicable to forcible entry and detainer proceedings.
But whereas these decisions reaffirm that rules which delay forcible entry and detainer proceedings are clearly inapplicable under Civ.R. 1(C)(3), "[t]he language of Civ.R. 1(C)(3) does not impose a complete bar to the application of the Rules of Civil Procedure to forcible entry and detainer proceedings." Larson v.Umoh (1986), 33 Ohio App.3d 14, 16. When proceedings for forcible entry and detainer are referred for hearing under Civ.R. 53, it remains essential that the judge who ultimately decides the question be furnished with sufficient factual information to make an independent determination. See, e.g., Bowling Green Manor Ltd.Partnership v. Kirk (June 30, 1995), Wood App. No. WD-94-125, unreported; Zellner v. Turner (Jan. 26, 1993), Greene App. No. 92 CA 41, unreported; Stark Metropolitan Housing Authority v. Porter
(June 29, 1992), Stark App. No. CA-8799, unreported; Shewman v.Coons (Mar. 20, 1990), Greene App. No. 89-CA 46, unreported. "The Supreme Court certainly did not intend for trial courts to completely abdicate their responsibilities, but rather intended that dictates of [Civ.R. 53] should not act to impede the speedy restitution of property" in forcible entry and detainer cases.Stark Metropolitan Housing Authority v. Porter, supra, at **2 (citing Cuyahoga Metropolitan Housing Auth. v. Jackson,67 Ohio St.2d at 130-131).
In Shewman v. Coons, supra, the court observed:
 Civ.R. 1 (C) has not yet been authoritatively interpreted to hold that in forcible entry and detainer cases, we dispense with the requirement that only judges shall grant judgments, Jackson supra, and only on the basis of their independent analysis. Thus, where courts utilize referees in forcible entry and detainer actions, the requirement of a report and recommendation cannot be entirely dispensed with.
Id., at **4. In Shewman, as in the instant case, a single form signed by the referee and the judge summarily found the facts in the complaint true and ordered restitution of the premises. The court of appeals reversed, stating:
 Other than the June 28, 1989, [sic] entry, the record is silent as to the referee's findings of fact and recommendation to the trial court. Where a referee is utilized in forcible entry and detainer cases, his findings of fact must be submitted to the trial judge in such fashion that the judge is able to determine whether the landlord established his right to the premises. The record in this case contains no evidence of any report and recommendation by the referee from which the trial judge could adequately review the particular facts of the case and make his independent determination.
Shewman v. Coons, at **4 (emphasis in original)
The same may be said of the record before the trial judge in this case. So far as we can see, the trial court here had no information before it upon which it could independently decide whether a writ of restitution should issue. We do not think it is too much to expect the magistrate to provide the court at least with sufficient information upon which the court may base its independent analysis. See Civ.R. 53 (E). The record here would not enable the court to perform its function. We accordingly sustain the first assignment of error.
Ribovich's second assignment of error states:
 II. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S REPORT WHEN THE COURT LACKED JURISDICTION PURSUANT TO R.C. 5321.17.
While our disposition of the first assignment of error renders the second assigned error moot, we will address it in the interest of judicial efficiency. It is not well taken because a "tenant" under Chapter 5321 of the Revised Code means "a person entitled under a rental agreement to the use and occupancy ofresidential premises to the exclusion of others." R.C. 5321.01
(A) (emphasis added). The duties imposed upon a landlord in R.C. Chapter 5321 only apply to residential premises, not commercial premises. See Knickerbocker Bldg. Services, Inc. v. Phillips
(1984), 20 Ohio App.3d 158, 161. The property at issue in this case is not residential but instead is commercial. It follows that R.C. 5321.17 is inapplicable under these circumstances. Accordingly, we overrule Ribovich's second assignment of error.
The judgment is reversed and the matter is remanded for further proceedings.[3]
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M PORTER. AJ., and JOHN T. PATTON. J., CONCUR.
 ______________________________ DIANE KARPINSKI JUDGE
[1] The form does not even provide for plural plaintiffs.
[2] It does not appear that the sufficiency of the referee report the trial court approved was in issue in Jackson.
[3] During the pendency of this appeal, the Mieles filed a motion for an award of costs and damages for a frivolous appeal and Ribovich responded with his own motion for sanctions. We cannot say that the arguments advanced by the parties were frivolous so we deny both motions.