OPINION
Plaintiff Billie Jean Priest appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which sustained some of the parties' objections to the magistrate's decision, overruled some, and sua sponte revised the distribution of the pension belonging to defendant Irwin L. Priest, Sr. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD TO PLAINTIFF A JUDGMENT FOR TEMPORARY CHILD SUPPORT ARREARAGES ACCUMULATED TO THE DATE OF THE FINAL HEARING.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO MAKE AN EQUITABLE DIVISION OF A MARITAL PENSION OF THE PARTIES.
The record indicates the parties had been married for 27 years, and had 4 children, 3 of whom were emancipated at the time of the final hearing. The matter was referred to a magistrate, who entered a decision on September 27, 2000. The portions of the decision relevant to this appeal concern the issues of child support and an equitable division of one of the primary marital assets, appellee's pension.
The magistrate determined the pension was a marital asset as defined by R.C. 3105.171, earned during the marriage, and because of this, it should be divided equally. The magistrate did not rule on the appellant's request to reduce the temporary child support arrearages to judgment, but found appellee had custody and ordered appellant to pay child support. Appellant filed objections to the magistrate's decision, but did not provide the trial court with a transcript of the proceedings from the hearing before the magistrate. We note the record now contains the transcript, filed after the notice of appeal. Because the transcript of proceedings was not available to the trial court, we will not consider it for our purposes herein.
 I
In her first assignment of error, appellant urges during the time she had custody of the minor child, appellee was to pay her $280 per month in the form of child support. Appellee did not pay the child support, and appellant requested the court to adjust its orders accordingly.
The trial court filed an opinion on January 21, 2000, to dispose of the various objections to the magistrate's decision. The court sustained appellant's objection to the order to pay appellee child support, finding the child received adequate income in Social Security benefits derived from appellee's retirement status. The court found no support should be exchanged between the parties. Concerning the non-payment of temporary support by appellee to appellant, the court found without a transcript, it could not determine the basis for the magistrate's decision. The court overruled the objection, noting it would not enter an order based on conjecture.
The record showed the child sometimes lived with appellant and at other times with appellee. Here, the court found it was inappropriate for appellee to pay any child support given that the child received an adequate amount in Social Security benefits from his father's retirement. See Williams v. Williams (2000), 88 Ohio St.3d 441. Finally, Civ. R. 53 provides any objection to a finding of fact made by the magistrate must be supported by a transcript of evidence submitted to the magistrate relevant to that fact, or, in the alternative, with an affidavit alleging the transcript is unavailable. The rule provides that a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to the finding as provided by the rule.
Our review of the limited record before us leads us to conclude the trial court properly disposed of the issue of temporary child support arrearages.
The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the trial court abused its discretion when it altered the division of appellee's pension.
Neither party filed an objection to the magistrate's disposal of the pension, but the trial court sua sponte examined the matter and reapportioned the division.
The trial court should review a magistrate's report and independently analyze it, see Garcia v. Tillack (1983), 9 Ohio App.3d 222. The parties did not object to the magistrate's decision regarding the pension, and the trial court did not have before it a transcript of proceedings. For this reason, the trial court could review the magistrate's decision and alter it only if it finds an error of the face of the decision or an error of law.
The trial court's opinion filed January 4, 2001, sets forth the trial court's reasoning. The court found it would be inequitable to divide the pension equally because of the relative employment status of the parties. The court found if the pension were divided equally, as the magistrate recommended, then appellant would have an income of $20,682 per year while the appellee would have an income of $17,556 per year. The court noted appellee would be eligible for cost of living increases on Social Security retirement and appellant would be eligible for pay increases from her employment. The court further found a more equitable division of the pension would result if appellee paid to the appellant $180 per month from the pension, because appellee's income would be $19,876 per year and appellant's would be $18,362 per year. The court found the minor difference between these amounts is warranted because of appellee's tax applications.
In general, the Supreme Court has applied an abuse of discretion standard to trial courts' determinations in domestic relations cases, seeBooth v. Booth (1989), 44 Ohio St.3d 142, 144. The Supreme Court made the abuse of discretion standard specifically applicable to marital property divisions in Martin v. Martin (1985), 18 Ohio St.3d 292. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
We find the trial court did not err in reviewing the distribution of appellee's pension, and fashioning an order intended to divide the property more equitably. While there was no factual issue before the trial court, it nevertheless properly reviewed the facts as presented by the magistrate's decision, and applied its knowledge of the law to them. We find the trial court did not err.
The second assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.