[Cite as *Northwest Ctr. Holdings, L.L.C. v. Simon*, 2024-Ohio-1705.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| NORTHWEST CTR HOLDINGS, LLC | : | |
| | : | |
| Appellee | : | C.A. No. 29953 |
| | : | |
| v. | : | Trial Court Case No. 2023 CVG 116 |
| | : | |
| JUSTIN SIMON DBA SHANKNOMI ENTERPRISES, LLC | : | (Civil Appeal from Municipal Court) |
| | : | |
| Appellant | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on May 3, 2024

· · · · · · · · · · ·

ANDREW R. BARNES, Attorney for Appellant

RICHARD L. CARR, JR. & LUCAS A. STRAKOWSKI, Attorneys for Appellee

· · · · · · · · · · · ·

HUFFMAN, J.

{¶ 1} Defendant-Appellant Justin Simon, DBA Shanknomi Enterprises, LLC, appeals from the trial court's judgment in favor of Plaintiff-Appellee Northwest Center Holdings, LLC, on its eviction action. For the reasons outlined below, Appellant's appeal will be dismissed as moot.

## I.  Factual and Procedural Background

**{¶ 2}** Appellant, a commercial holdover tenant, and Appellee, the landlord, were parties to a lease that expired in November 2021 after a new lease agreement was not negotiated between the parties. Under the terms of the expired lease agreement, Appellant's rent was due on the first day of each month. In November 2022, December 2022, and January 2023, Appellant failed to pay rent and, instead, attempted to place rent payments in escrow pursuant to R.C. 5321.07, as permitted for residential tenants, to force Appellee to make certain repairs to the property. However, Appellant's request to deposit rent into escrow was denied because Appellant was a commercial holdover tenant, not a residential tenant.

**{¶ 3}** On January 2, 2023, Appellee provided a notice of default of payment and failure to vacate to Appellant by personal service. On January 6, 2023, Appellee filed a complaint for eviction against Appellant in the Dayton Municipal Court, asserting claims for forcible entry and detainer and for damages. Appellee's complaint was served on Appellant on January 10, 2023. Appellant filed an answer on February 9, 2023, requesting a jury trial and asserting counterclaims for breach of contract, retaliatory eviction, and discrimination.

**{¶ 4}** The matter proceeded to an eviction hearing on February 10, 2023, but neither Appellant nor his counsel was present at the hearing. At the hearing, the municipal court found that Appellee had met the requirements for granting a writ of restitution on its forcible entry and detainer claim.

**{¶ 5}** On February 17, 2023, an emergency hearing was held on a Civ.R. 60(B) motion to vacate filed by Appellant, which sought a new trial on the eviction matter. At the

emergency hearing, the municipal court gave Appellant the opportunity to explain why he had not been present at the February 10th eviction hearing and to argue the merits of his Civ.R. 60(B) motion. Appellant's counsel stated that he had advised opposing counsel that he was unavailable during the time the eviction hearing was scheduled but opposing counsel would not agree to a continuance. Appellant testified that he was not present at the eviction hearing because he had experienced a tire blowout on his way to the court. The municipal court overruled Appellant's motion to vacate, noting that Appellant's counsel failed to file a notice of appearance on Appellant's behalf, failed to properly seek a continuance of the eviction hearing from the court, and failed to pay the deposit required for the jury demand; it ultimately found that Appellant had not satisfied the requirements to vacate the eviction judgment.

**{¶ 6}** Thereafter, through a series of objections and notices of appeal, Appellant sought to have the eviction judgment vacated. On May 23, 2023, Appellant filed a motion to transfer the case to the Montgomery County Court of Common Pleas, which was granted. In August 2023, however, the parties learned that the Montgomery County Court of Common Pleas had not accepted the transfer because of outstanding objections that had not been ruled on by the municipal court. On September 26, 2023, the municipal court overruled Appellant's objections. Appellant then sought a stay of the writ of restitution and filed his appeal. On or around November 30, 2023, Appellant vacated the premises.

## II.    Assignments of Error

**{¶ 7}** Appellant asserts the following three assignments of error:

**The Trial Court Abused It's [sic] Discretion by Denying the Jury Trial.**

**The Trial Court Errored [sic] By Denying the Defendant a New Trial.**

**The Trial Court Lacked Jurisdiction And Failed [sic] Transfer the Matter.**

{¶ 8} Before we address the merits of Appellant's assignments of error, we must consider whether this appeal is moot.

{¶ 9} R.C. Chap. 1923 regulates forcible entry and detainer actions. To prevail in a forcible entry and detainer action, a plaintiff must prove: "(1) that the plaintiff met the procedural requirements and properly served the tenant with notice of the eviction, (2) the plaintiff has the right to possess the premises, and (3) the tenant does not have the right to possession." *Garb-Ko, Inc. v. Benderson*, 10th Dist. Franklin Nos. 2AP-430, 12AP-476, 12AP-474, 12AP-475, 2013-Ohio-1249, ¶ 54, citing *Admr. of Veterans Affairs v. Jackson,* 41 Ohio App.3d 274, 278, 535 N.E.2d 369 (9th Dist.1987).

{¶ 10} "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Wise v. Webb*, 2d Dist. Clark No. 2015-CA-50, 2015-Ohio-4298, ¶ 11, citing *Miele v. Ribovich,* 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000). Such action "decides only the right to immediate possession of property." *Id.*, citing *Miami Valley Hous. v. Jackson,* 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5.

{¶ 11} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cerise Capital LLC v. Dewberry*, 2d Dist. Montgomery No. 29248, 2022-Ohio-1874, ¶ 11, quoting *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14,

257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012-CA-11, 2012-CA-21, 2012-Ohio-3594, ¶ 4, citing *RLJ Mgt. Co., Inc. v. Larry Baldwin,* 3d Dist. Crawford No. 3-01-16, 2001 WL 1613014, *2 (Dec. 18, 2001).

{¶ 12} In the instant matter, it is undisputed that Appellant vacated the commercial property in November 2023, thereby restoring possession of the premises to Appellee. Because Appellant vacated the property that was the subject of the eviction action and, thus, Appellee has regained possession of the premises, no actual justiciable controversy on the eviction claim remains between the parties. Under these circumstances, we could not provide any meaningful remedy even if we were to find that any of Appellant's assignments of error had merit. Thus, based on the record before us, we conclude that this appeal is moot.

### III.     Conclusion

{¶ 13} The appeal is dismissed as moot.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.