RUBINO, APPELLEE, *v.* SHOWALTER, APPELLANT.

(No. 11879 — Decided April 24, 1985.)

*Robert G. Konstand,* for appellee.
*David J. Rohrer,* for appellant.

GEORGE, P.J. The defendant-appellant, David H. Showalter, appeals the judgment of the municipal court granting plaintiff-appellee, Tony Rubino, a writ of restitution. This court affirms that judgment.

The record reveals that on May 21, 1984, Showalter entered into an agreement with Rubino for the purchase of Rubino's business. The purchase price was $155,000. The agreement required Showalter to deposit $15,000 into escrow as earnest money, and an additional payment of $40,000 at the date of delivery of possession. Showalter was to sign a promissory note for the balance of the purchase price. Rubino was to assign to Showalter the lease to the premises.

On July 31, 1984, Rubino filed a complaint against Showalter in the municipal court seeking a writ of restitution to remove Showalter from the premises, pursuant to R.C. 1923.02. Additionally, he sought $10,000. A hearing was held on September 4, 1984.

Showalter was ordered to pay the escrow agent the sum of $10,000 on or before September 16, 1984. On September 21, 1984, the trial court found that Showalter failed to pay $10,000. Therefore, the trial court issued a writ of restitution to remove Showalter from the premises. Showalter appeals from this judgment.

### ASSIGNMENTS OF ERROR

"1. The trial court erred in finding that this case was one which was appropriate for action under the Ohio statutes pertaining to forcible entry and detainer.

"2. The trial court erred in finding that the portion of the agreement between the parties which applied to the contract for sale of the business was not separable from the portion of the agreement which applied to the assignment of the lease on the business premises."

A forcible entry and detainer action relates to the right of present possession. *Haas v. Gerski* (1963), 175 Ohio St. 327, 330 [25 O.O.2d 212]; and 37 Ohio Jurisprudence 3d (1982) 80, Ejectment, Section 68. Showalter's contract for the purchase of Rubino's business, with a provision for the assignment of the lease to the premises, did not bar this action. See, generally, *Kuhn* v. *Griffin* (1964), 3 Ohio App. 2d 195 [32 O.O.2d 278]. Accordingly, these assignments of error are overruled.

### ASSIGNMENT OF ERROR

"3. The trial court erred in finding that the defendant-appellant had not complied with the terms of the agreement between the parties."

Showalter argues that the evidence before the trial court proved that Showalter substantially complied with the terms of the purchase agreement. As such, the trial court erred in granting the writ of restitution by implicitly finding that Showalter breached the agreement. (This finding is necessary for the determination of the right of present possession. It is not determinative of the separate breach of contract action. *Haas* v. *Gerski, supra,* at 330.)

The terms of the agreement required Showalter to pay Rubino $55,000 in cash at the date of delivery. Based on Showalter's statement of the evidence, he tendered only $45,000. Clearly, Showalter has not complied with the terms of the agreement so as to entitle him to a present right of possession.

Showalter relies on his statement of the evidence to support his contention that he has substantially complied with the agreement. The statement of evidence provides in part:

"4. At the hearing on September 4, 1984, the defendant-appellee [*sic*] *proposed the following arguments:*

"'* * *

"'D. * * * [T]he broker's commission had been satisfied through the use of a promissory note and mortgage satisfactory to the broker." (Emphasis added.)

An argument does not constitute evidence. There was no evidence submitted to the trial court to support the contention that there had been substantial compliance with the agreement.

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

MAHONEY, J., concurs in judgment only.