DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Emil Kokolari was living rent-free in a condominium owned by John France. Mr. France transferred a half interest in the condominium to Joseph Delli-Gatti by a quit-claim deed, and Mr. Delli-Gatti informed Mr. Kokolari that he would have to begin paying $2250 per month rent. Two months later, because Mr. Kokolari had not begun paying rent, Mr. Delli-Gatti served a three-day notice on him and, eight days after that, filed a forcible entry and detainer action against him. The magistrate before whom this matter was heard obtained a document from the Summit County Fiscal Office that appeared to indicate that Mr. Kokolari *Page 2 
had not acquired an interest in the property until after having filed his complaint. The magistrate made that document a part of the record and, based on it, found that Mr. Delli-Gatti did not have an interest in the condominium at the time he filed his complaint. She also found that the three-day notice was not properly served on Mr. Kokolari. Apparently based on those findings, she held that he was not entitled to a writ of restitution.
 {¶ 2} Mr. Delli-Gatti has appealed to this Court and argued: (1) that the trial court incorrectly found that he did not have an interest in the condominium at the time he filed his complaint and (2) that the trial court incorrectly found that he had not properly served the three-day notice on Mr. Kokolari. This Court reverses the trial court's judgment because Mr. Delli-Gatti had an interest in the condominium at the time he filed his complaint and because the three-day notice was properly served on Mr. Kokolari. This matter will be remanded to the trial court so it can determine whether Mr. Delli-Gatti has a present right to possession of the condominium.
 THE OWNERSHIP OF THE CONDOMINIUM {¶ 3} Mr. Delli-Gatti's first assignment of error is that the trial court incorrectly found that he did not have an interest in the condominium at the time he filed his complaint. The trial court and the parties have assumed that, in order to succeed in a forcible entry and detainer action, a plaintiff must not only have a right to possession of the property at the time the action is heard, but also must *Page 3 
have had a right to possession at the time he filed his complaint. For purposes of this appeal, this Court has made the same assumption without deciding if it is correct.
 {¶ 4} Under Section 1923.02(A)(5) of the Ohio Revised Code, a person with a right to possession of real estate is entitled to a writ of restitution against a person occupying that real estate "without color of title." In order for a person to occupy real estate "with color of title," he must do so under a written instrument that purports to convey title to him. Bishop v. Rice, 2nd Dist. No. 21247, 2006-Ohio-1131, at ¶ 12. Mr. Kokolari did not claim a right to occupy the condominium under a written instrument. Rather, he claimed that he was occupying it under an oral agreement with Mr. France. He was, therefore, occupying the condominium "without color of title," and, accordingly, if Mr. Delli-Gatti had a right to possession of the condominium, he was entitled to a writ of restitution.
 {¶ 5} The magistrate, based upon a document she obtained from the Summit County Fiscal Office, found that Mr. Delli-Gatti did not have an interest in the condominium at the time he filed his complaint. The date reflected on that document, however, appears to be the date upon which Mr. Delli-Gatti had the deed recorded rather than the date of the deed. Title to property passes when a deed is executed and delivered, regardless of when or if the deed is recorded. Wayne Bldg. Loan Co. ofWooster v. Yarborough, 11 Ohio St. 2d 195, 212 (1967). The document the magistrate obtained from the Summit County Fiscal *Page 4 
Office, even if it had been properly before the magistrate, was not relevant to the question of when Mr. Delli-Gatti obtained an interest in the condominium.
 {¶ 6} Mr. Delli-Gatti testified that he obtained a 50 percent interest in the condominium on May 31, 2006. Further, the magistrate received into evidence a copy of a quitclaim deed dated May 31, 2006, conveying a 50 percent interest in the condominium from Mr. France to Mr. Delli-Gatti. There was no evidence before the magistrate tending to prove that the May 31, 2006, deed was not genuine. Mr. Delli-Gatti filed his complaint in this case on October 6, 2006. The magistrate's finding that Mr. Delli-Gatti did not have an interest in the condominium at the time he filed his complaint was not supported by any competent, credible evidence and, therefore, was against the manifest weight of the evidence. State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶ 24. Mr. Delli-Gatti's first assignment of error is sustained.
 THE THREE-DAY NOTICE {¶ 7} Mr. Delli-Gatti's second assignment of error is that the trial court incorrectly found that he had not properly served a three-day notice on Mr. Kokolari. A plaintiff must serve notice on the defendant to leave the premises at least three days before filing an eviction action. Section 1923.04 of the Ohio Revised Code lists a number of methods by which service of a three-day notice may be completed, including by certified mail or by leaving it at the premises *Page 5 
from which the defendant is to be evicted. That section also provides language that must be included in the notice.
 {¶ 8} At the hearing before the magistrate, Mr. Delli-Gatti testified that he posted a copy of a three-day notice on the door of the condominium on August 15, 2006. He also testified that he sent a copy to Mr. Kokolari by certified mail and that it was signed for by a woman who was living in the condominium with Mr. Kokolari. Mr. Kokolari, through his lawyer, acknowledged that the woman had received it:
THE COURT: You agree that she received it by certified mail?
[MR. KOKOLARI'S LAWYER]: Yes.
 {¶ 9} A copy of the three-day notice is part of the record before this Court, and it contains the language required by Section 1923.04. There was no competent, credible evidence before the trial court that Mr. Delli-Gatti had not properly served the three-day notice. In fact, although the trial court found that Mr. Delli-Gatti had not properly served the three-day notice, it also found that he had posted it on the condominium and sent it by certified mail:
 The three day notice was posted on the premises and sent certified mail to [the woman living in the condominium with Mr. Kokolari].
 {¶ 10} Although it is not clear from the magistrate's decision, perhaps her finding that Mr. Delli-Gatti had not properly served a three-day notice on Mr. Kokolari was based on her belief that Mr. Delli-Gatti did not obtain an interest in the condominium until after August 15, 2006. As discussed in regard to Mr. Delli- *Page 6 
Gatti's first assignment of error, however, he obtained an interest in the condominium on May 31, 2006.
 {¶ 11} Since there was no competent, credible evidence before the trial court tending to prove that Mr. Delli-Gatti did not properly serve the three-day notice, the trial court's finding that he did not was against the manifest weight of the evidence. State v. Wilson,113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶ 24. Mr. Delli-Gatti's second assignment of error is sustained.
 CONCLUSION {¶ l2} Mr. Delli-Gatti's assignments of error are sustained. This matter is remanded for further proceedings consistent with this opinion. Judgment reversed, And cause remanded.
Judgment reversed, And cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 7 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1