[Cite as *CS/RW Westlake Indoor Storage, L.L.C. v. Kesi, L.L.C.*, 2015-Ohio-4584.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    102535

## CS/RW WESTLAKE INDOOR STORAGE, L.L.C.

PLAINTIFF-APPELLANT

vs.

## KESI, L.L.C., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Rocky River Municipal Court
Case No.    14 CVG 1593

**BEFORE:**    Boyle, J., Celebrezze, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    November 5, 2015

**ATTORNEY FOR APPELLANT**

Gary L. Lieberman
Gary L. Lieberman Co., L.P.A.
30195 Chagrin Boulevard, Suite 300
Cleveland, Ohio    44124


**ATTORNEYS FOR APPELLEE**

Jaye M. Schlachet
Eric M. Levy
Law Offices of Jaye M. Schlachet
55 Public Square, Suite 1600
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1}   This is an appeal from the Rocky River Municipal Court concerning a forcible entry and detainer action.   Plaintiff-appellant, CS/RW Westlake Indoor Storage, L.L.C. ("plaintiff"), appeals from the trial court's decision, overruling its objections and adopting the magistrate's decision in favor of defendants-appellees, Kesi, L.L.C. and Timothy Ely (collectively "defendants").   Finding merit to the appeal, we reverse and remand.

## I.   Procedural History and Facts

{¶2}   On August 22, 2014, plaintiff filed a complaint in forcible entry and detainer in the trial court against defendants after serving them with notice to vacate the premises located at 27310 Detroit Road in Westlake, Ohio ("the premises").   Plaintiff alleged that it is the lawful tenant of the premises under a written lease agreement. According to the complaint, "defendants have occupied the premises without color of title and are unauthorized occupants in derogation of plaintiff's right to possession pursuant to the lease."   The defendants answered the complaint and asserted several defenses, including that they are the owners of the business located at the premises and have the legal right to possess the premises.

{¶3}   On September 15, 2014, the matter proceeded to a bench trial before a magistrate.[1]   The plaintiff called two witnesses at trial:   Robert Weeks, its sole member and managing member, and on cross-examination, Timothy Ely.   Defendants called Ely

---

[1]  We note that the docket erroneously reflects that the matter was heard by the trial judge.

in support of their defense.   On December 1, 2014, the magistrate issued its decision with findings of facts and conclusions of law.   We summarize the magistrate's findings of fact as follows.[2]

**{¶4}**   In 2009, Weeks purchased an indoor facility located at 27310 Detroit Road in Westlake, Ohio and operated a self-storage business at this location.   The written lease for the premises located at 27310 Detroit Road, which is the subject matter of this litigation, is between Weeks's company, the plaintiff, and the landlord, who is not a party to this action.   Prior to January 1, 2011, Weeks agreed to sell the business to Ely.   The parties agreed that Ely should operate the business while the details of the sale were being finalized.   Defendants made a payment of $1,500 toward the purchase of the business. The parties had an agreement to permit the defendants the right to possession of the premises.   Weeks signed a change of ownership form to allow Ely to change the telephone number of the business into the defendants' name.   Defendants began to occupy the premises as of January 1, 2011, and have exclusively operated the business since that time, including paying all rent and other obligations for the business.   As of the date of the trial, the rent was current to the landlord.

**{¶5}**   Plaintiff never requested any rent from defendants nor was there any agreement for Ely to pay any rent to Weeks.   The only payment that was to be made from the defendants was for the purchase of the business.

---

[2] The magistrate and the parties use the term "plaintiff" interchangeably to identify both CS/RW Westlake Indoor Storage, L.L.C. and its sole member, Robert Weeks.   Based on the context of statements, however, we can ascertain the appropriate party and will refer to them accordingly.

**{¶6}** Weeks and Ely are disputing the purchase price that should be paid by Ely to Weeks for the sale of the business.

**{¶7}** On August 22, 2014, the underlying action was filed in connection with this business dispute, after plaintiff served a three-day notice in writing for the defendants to leave the premises on July 28, 2014. Following the filing of the underlying forcible entry and detainer action, defendants commenced an action against Weeks and plaintiff in common pleas court pertaining to the terms of the sale of the business and requesting the court to grant an injunction to prevent any eviction of the defendants. That action is currently pending in the Cuyahoga County Court of Common Pleas, known as Cuyahoga C.P. No. CV-14-832518.

**{¶8}** Based on these findings of facts, the magistrate made the following conclusions of law:

> The court finds that plaintiff failed to establish its burden of proof that plaintiff has a right to present possession of the premises and that defendant is without color of title which is the sole cause of action in plaintiff's complaint for forcible entry and detainer that is before the court.
>
> The court finds that plaintiff established the procedural requirements and properly served defendant with notice of the eviction action. However, plaintiff failed to prove its right to possession of the premises and that defendant does not have the right to present possession of the real property. The court further finds that this dispute is a contractual dispute between the parties over the purchase of the business and is not the proper subject or cause of action for forcible entry and detainer.
>
> The court recommends judgment in favor of defendants, KESI, L.L.C. et al., and against plaintiff, CS/RW Westlake Indoor Storage, L.L.C. on plaintiff's complaint and at plaintiff's costs.

**{¶9}** Plaintiff subsequently filed objections to the magistrate's decision, arguing

that it had a right to possession of the premises pursuant to the written lease agreement and that defendants had no right to possess the premises based on their own admission of no written agreement authorizing them to occupy the premises. After considering the objections, the trial court overruled them and found in favor of defendants on plaintiff's complaint, thereby denying the writ of restitution.

{¶10} From this decision, plaintiff appeals, raising the following two assignments of error:

> I. The trial court erred by finding that this was a contractual dispute over the sale of a business and that it was not proper for the [plaintiff] to file a forcible entry and detainer action for the return of present possession of the premise.
>
> II. The trial court erred by finding that the appellant failed to establish it has the right to present possession to the premises and that appellees are occupying the premises without color of title.

## II. Analysis

### A. Standard of Review

{¶11} Plaintiff's appeal from the trial court's decision overruling their objections to the magistrate's decision and finding in favor of defendants. In accordance with Civ.R. 53, the trial court is required to conduct an independent review of the case, having the "ultimate authority and responsibility over the [magistrate's] findings and rulings." *Hartt v. Munobe*, 67 Ohio St.3d 3, 5, 615 N.E.2d 617 (1993). The trial court must

decide "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." *Inman v. Inman*, 101 Ohio App.3d 115, 118, 655 N.E.2d 199 (2d Dist.1995).

{¶12} In light of this discretion, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Remner v. Peshek*, 7th Dist. Mahoning No. 97-C.A.-98, 1999 Ohio App. LEXIS 4802 (Sept. 30, 1999). This standard requires more than a determination by the reviewing court that there was an error of judgment, but rather that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

### B. Forcible Entry and Detainer Action

{¶13} A forcible entry and detainer action is a statutory remedy that provides a summary method for obtaining restitution of possession of the property. *Admr. of Veteran Affairs v. Jackson*, 41 Ohio App.3d 274, 277, 535 N.E.2d 369 (9th Dist.1987), citing *Rubino v. Showalter*, 24 Ohio App.3d 232, 233, 495 N.E.2d 31 (9th Dist.1985); *Haas v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963). The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate. *Id.*, citing *Carroll v. O'Conner*, 25 Ohio St. 617, 1874 LEXIS 239 (Dec. 1874).

{¶14} R.C. 1923.01 governs forcible entry and detainer actions and provides as follows:

As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements.

{¶15} While there is no restriction in R.C. 1923.01(A) upon who may bring a forcible entry and detainer action, there is a defined class of defendants against whom it may be brought under R.C. 1923.02. *Bio Energy (Ohio), L.L.C. v. Phoenix Golf Links, Ltd.*, 10th Dist. Franklin No. 12AP-171, 2012-Ohio-4421, ¶ 13. Relevant to this case, R.C. 1923.02(A)(5) recognizes an action for restitution "[w]hen the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them."

## C. Collateral Contractual Dispute Is Not A Bar to Forcible Entry and Detainer Action

{¶16} In its first assignment of error, plaintiff argues that the trial court erred in finding that a collateral contractual dispute between the parties over the ownership of the business barred plaintiff from pursuing an action in forcible entry and detainer. We

agree.

{¶17} While it is true that the parties are disputing the purchase price of the business, which is located on the premises at issue, such dispute does not bar a forcible entry and detainer action. Indeed, a forcible entry and detainer action relates to the right of present possession. *Hass v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963). Ohio courts have consistently recognized that a collateral action between the parties in common pleas court, even when it relates to title (or future right of possession) to the subject property, does not constitute a bar to the action in forcible detainer. For example, in addressing the issue of whether an action to quiet title in the court of common pleas prevents a municipal court from rendering judgment in a forcible entry and detainer action, the Ohio Supreme Court explained as follows:

> An action in forcible entry and detainer is solely a possessory action. It does not determine the title to real property. The gist of the action is the right to present possession. * * * Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer. * * *

*Hass* at 330.

{¶18} Further, we find the instant case analogous to the Ninth District's decision in *Rubino*, 24 Ohio App.3d 232, 495 N.E.2d 31. In *Rubino,* the parties entered into an agreement for the purchase of a business, with a provision for the assignment of the lease of the premises. The trial court granted the plaintiff-seller a writ of restitution of the premises, after finding that the defendant-buyer had not complied with the terms of the agreement. On appeal, the defendant-buyer argued that the trial court erred in finding

that the case was appropriate for a forcible entry and detainer action. In affirming the trial court and rejecting the defendant-buyer's argument, the court recognized that "[the buyer's] contract for the purchase of [seller's] business, with a provision for the assignment of the lease to the premises, did not bar this action." *Id.* at 233.

{¶19} Applying *Rubino*, we find that the trial court erred in concluding that the parties' dispute over the purchase price of the business barred a forcible entry and detainer action.

{¶20} The first assignment of error is sustained.


## D. Right of Present Possession

{¶21} In its second assignment of error, plaintiff argues that the record overwhelmingly establishes that it has the right to present possession of the premises and that defendants are occupying the premises without color of title. We agree.

{¶22} Plaintiff commenced the underlying action against defendants under R.C. 1923.02(A)(5) and therefore had to prove that "the defendant is an occupier of land or tenements, without color to title, and the complainant has the right of possession to them."

{¶23} We turn first to the question of whether the defendants were occupying the premises without color of title.

{¶24} Although the forcible entry and detainer statute does not define the phrase "color of title," Ohio courts have recognized that "'an individual acquires color of title

when a written conveyance appears to pass title but does not do so, either from want of title in the person making it, or the defective mode of conveyance.'" *Bishop v. Rice*, 2d Dist. Montgomery No. 21247, 2006-Ohio-1131, ¶ 12, quoting *Glaser v. Bayliff*, 2d Dist. Montgomery No. 98-CA-34, 1999 Ohio App. LEXIS 180 (Jan. 29, 1999); *see also Tarry v. LaGrange Lodge No. 399*, 9th Dist. Lorain No. 90CA004808, 1990 Ohio App. LEXIS 4237 (Sept. 26, 1990). It is well accepted that color of title involves a written conveyance. *Rice* at ¶ 12; *see also Delli-Gatti v. Kokolari*, 9th Dist. Summit No. 23469, 2007-Ohio-6048, ¶ 4 ("In order for a person to occupy real estate 'with color of title,' he must do so under a written instrument that purports to convey title to him.").

**{¶25}** Ely testified that he did not have any written lease agreement for the premises with plaintiff, Weeks, or the landlord. He also acknowledged that he did not have any sublease agreement and that he was not personally responsible for the rent payments under the lease. Based on Ely's admissions, we find that the trial court abused its discretion in overruling plaintiff's objections to the magistrate's decision. The evidence overwhelmingly supports the conclusion that the defendants are occupying the premises without color of title. There is simply no evidence in the record to conclude that the defendants are occupying the premises with color of title.

**{¶26}** As for the issue of whether the plaintiff had a right to possess the premises, we also find that the trial court abused its discretion in adopting the magistrate's conclusions of law based on the magistrate's own findings of fact. The magistrate specifically found that plaintiff had a written lease for the premises,

authorizing it as a tenant on the premises beginning August 1, 2013, for a term of five years, with one additional five-year option to renew.

{¶27} Notably, defendants do not dispute that plaintiff "has the right to occupy the premises through its lease thereof." Defendants, however, maintain that plaintiff, which is the company, already has possession of the premises and that defendants, "as owner of [plaintiff] were occupying the premises." But the magistrate never found that defendants owned plaintiff. To the contrary, the magistrate found that there was an agreement to sell the business to defendants but a dispute arose as to the purchase price that was still ongoing at the time of trial. And aside from the dispute over the purchase price, Ely testified that he bought the business for $50,000 but has only paid $1,500 so far. Thus, we find no evidence in the record to support the defendants claim that they "own" the plaintiff. To the extent that the magistrate found that the business dispute over the purchase price somehow precluded the forcible entry and detainer action, this is simply not the law. *See Hass*, 175 Ohio St. 327, 194 N.E.2d 765 (1963); *Rubino*, 24 Ohio App.3d 232, 495 N.E.2d 31.

{¶28} Accordingly, given that the lease agreement expressly authorizes plaintiff to possess the premises as a tenant, we find that the trial court abused its discretion in adopting the magistrate's finding that plaintiff did not have a right to possess the premises.

{¶29} The second assignment of error is sustained.

{¶30} Judgment reversed and case remanded for the trial court to issue a writ of

restitution to the premises in favor of plaintiff.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
PATRICIA ANN BLACKMON, J., CONCUR