[Cite as *Usha Pillai IRA, L.L.C. v. Roseman*, 2023-Ohio-3480.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

USHA PILLAI IRA LLC,            :

     Plaintiff-Appellee,        :

                                   No. 112524

     v.                         :

RONALD ROSEMAN,          :

     Defendant-Appellant.    

                                  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVG2201563

---

### *Appearances:*

N.P. Weiss Law, Nicholas P. Weiss, and Taylor O. Neavin,
*for appellee.*

Ronald Roseman, *pro se.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Ronald Roseman ("Roseman"), pro se, appeals the March 6, 2023 judgment of the Cleveland Heights Municipal Court granting

plaintiff-appellee Usha Pillai IRA LLC's ("the LLC") motion for a directed verdict. For the reasons that follow, we affirm the municipal court's order.

**Factual and Procedural History**

{¶ 2} This appeal stems from the LLC's forcible entry and detainer complaint that alleged the company is the title owner to the real property in question situated on Runnymede Boulevard in Cleveland Heights, Ohio ("subject property"). The complaint also sought to evict Roseman who resided at the subject property but had not entered into a lease agreement with the LLC.

{¶ 3} On August 28, 2019, the LLC purchased the subject property through a tax foreclosure action. A deed attempting to transfer title to the LLC was recorded on August 28, 2019, but that document did not reflect the correct spelling of the company's name. On May 21 2021, title to the subject property was conveyed to the LLC through a corrective deed reflecting the proper spelling of the LLC's name that was filed and recorded with the Cuyahoga County Office of Fiscal Officer.

{¶ 4} Roseman, however, contends that Lesley Green ("Green") previously held title to the subject property and, on December 3, 2018, she transferred title through a quitclaim deed to Faith Acts Ministries. Roseman further contends that he executed a lease agreement with Faith Acts Ministries on March 18, 2020, in which Roseman agreed to pay rent in exchange for his use of the subject property. Roseman and the LLC concede that they never entered into a lease agreement with one another for the subject property.

{¶ 5} On April 7, 2022, the LLC filed a forcible entry and detainer complaint in Cleveland Heights Municipal Court naming as defendants Green, Theodis Fipps ("Fipps"), Roseman, and all occupants of the subject property in Cleveland Heights M.C. No. CVG 2200415 ("original forcible entry and detainer action"). On May 10, 2022, following a hearing at which evidence was submitted including testimony by Roseman, the municipal court issued a judgment entry finding there was no bona fide question that the LLC was the present record title holder to the subject property as demonstrated by the sheriff's deed recorded on May 21, 2021. The May 10, 2022 judgment entry also stated there was no evidence that the LLC had a lease agreement with any of the defendants but found Roseman was a bona fide tenant pursuant to a lease he entered with Green and Faith Acts Ministries. The trial court entered judgment against Green and Fipps and in favor of Roseman.[1]

{¶ 6} On November 18, 2022, the LLC filed a second forcible entry and detainer action naming the same defendants in Cleveland Heights M.C. No. CVG 2201563 ("current forcible entry and detainer action"). Green and Fipps were dismissed from the action, and the case against Roseman proceeded to a jury trial. On March 6, 2023, the day of trial, the court granted the LLC's motion in limine thereby preventing Roseman from presenting evidence that the LLC was not the bona fide title holder of the subject property. The trial court reasoned that its

---

[1] Green filed an appeal from the court's judgment, but this court sua sponte dismissed the appeal due to Green's failure to file an appellate brief. *Usha Pillai IRA LLC v. Green*, 8th Dist. Cuyahoga No. 111571 (July 14, 2022), motion No. 556439.

May 10, 2022 judgment entry previously determined that the LLC was the record title holder.

{¶ 7} At trial, the LLC's property manager, Marvin Dupree Wilson, Jr., testified that no lease agreement existed between the LLC and Roseman; Roseman occupied the subject premises; and the LLC served Roseman with the requisite 90-day notice pursuant to the Protecting Tenants at Foreclosure Act ("PTFA") and the necessary three-day notice pursuant to R.C. 1923.04. The court precluded Roseman from calling two witnesses whose testimony was intended to dispute the record title holder of the subject property. Roseman did not testify on his own behalf. Following the close of Roseman's case in chief, the LLC moved for a directed verdict pursuant to Civ.R. 50(A). The trial court granted the motion on the basis that (1) the court's prior decision in the original case — the May 10, 2022 judgment entry — established that the LLC was the present title property owner of the subject property, and (2) construing the evidence most strongly in favor of Roseman, reasonable minds could come to but one conclusion that Roseman was in possession of the subject property; the LLC provided the requisite 90-day and three-day notices; and, therefore, the LLC was entitled to judgment on the complaint.

{¶ 8} On March 20, 2023, Roseman filed a timely appeal, presenting verbatim these assignments of error:

> Assignment of error I: The trial court lacked subject-matter jurisdiction under Section 1923.02(A)(1) and (2) of the Ohio Revised code, to enter judgment against appellant, where the trial evidence clearly established that he did not have a rental lease agreement with

appellee, and that he was not a "tenant" within the meaning of Section 1923.01(C)(1).

Assignment of error II:  The trial court erred when granting appellee's motion for a direct verdict under Ohio Civil Rule of Procedure 50(A) upon taking judicial notice of a prior judgment in Case No CVG 2200415, to determine that appellee was the owner of the property in the forcible entry and detainer action against appellant in Case No. CVG 2201563.

**Legal Analysis**

{¶ 9}   In his first assignment of error, Roseman argues that the municipal court lacked subject-matter jurisdiction over the forcible entry and detainer action because no lease existed between Roseman and the LLC and, therefore, Roseman was not a tenant.  The LLC argues the trial court had subject-matter jurisdiction over its forcible entry and detainer action filed pursuant to R.C. 1932.02(A)(5) and premised on the allegation that Roseman occupied the premises without color of title rather than under a lease agreement.

{¶ 10} R.C. 1901.18 establishes the subject-matter jurisdiction of Ohio municipal courts.  R.C. 1901.18(A)(8), specifically, confers Ohio municipal courts with subject-matter jurisdiction over forcible entry and detainer actions.  *See Haas v. Gerski*, 175 Ohio St. 327, 329, 194 N.E.2d 765 (1963).

{¶ 11} Chapter 1923.01 of the Ohio Revised Code governs forcible entry and detainer actions, and R.C. 1923.02 specifies those parties subject to a forcible entry and detainer action.  R.C. 1923.02(A)(1) and (A)(2) specify when one may pursue a forcible entry and detainer action against a tenant:

(1) Against tenants or manufactured home park residents holding over their terms;

(2) Against tenants or manufactured home park residents in possession under an oral tenancy, who are in default in the payment of rent as provided in division (B) of this section;

\* \* \*

A tenant is defined as one entitled to the use or occupancy of premises under a rental agreement. R.C. 1923.01(C)(1). In addition to bringing a forcible entry and detainer action against a tenant, the action may be brought against a party who "is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them." R.C. 1923.02(A)(5). The forcible entry and detainer statute does not define the term "without color of title" however,

> Ohio courts have recognized that "'an individual acquires color of title when a written conveyance appears to pass title but does not do so, either from want of title in the person making it, or the defective mode of conveyance.'" *Bishop v. Rice*, 2d Dist. Montgomery No. 21247, 2006-Ohio-1131, ¶ 12, quoting *Glaser v. Bayliff*, 2d Dist. Montgomery No. 98-CA-34, 1999 Ohio App. LEXIS 180 (Jan. 29, 1999); *see also Tarry v. LaGrange Lodge No. 399*, 9th Dist. Lorain No. 90CA004808, 1990 Ohio App. LEXIS 4237 (Sept. 26, 1990). It is well accepted that color of title involves a written conveyance. *Rice* at ¶ 12*; see also Delli-Gatti v. Kokolari*, 9th Dist. Summit No. 23469, 2007-Ohio-6048, ¶ 4 ("In order for a person to occupy real estate 'with color of title,' he must do so under a written instrument that purports to convey title to him.").

*CS/RW Westlake Indoor Storage, L.L.C. v. Kesi, L.L.C.*, 8th Dist. Cuyahoga No. 102535, 2015-Ohio-4584, ¶ 24.

{¶ 12} The LLC's forcible entry and detainer complaint against Roseman neither alleged that Roseman was a tenant nor that the complaint was premised on R.C. 1923.02(A)(1) or (A)(2). The LLC's complaint reads, in pertinent part:

10. [The LLC] does not have an oral or written lease agreement with Defendant Roseman.

* * *

12. [The LLC] is terminating Defendants' right to possession for nonpayment of rent and non-color of title.

November 17, 2022 complaint. The LLC's forcible entry and detainer action alleged termination of Roseman's right to possession due to nonpayment of rent and non-color of title and, therefore, was filed pursuant to R.C. 1923.02(A)(5). Further, the uncontroverted trial evidence demonstrated that Roseman occupied the subject property absent a lease agreement with the LLC.

{¶ 13} The Cleveland Heights Municipal Court had subject-matter jurisdiction over the LLC's forcible entry and detainer action under R.C. 1923.02(A)(5), and accordingly, Roseman's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Roseman argues that the trial court erred when it took judicial notice of its May 10, 2022 judgment entry to establish that the LLC was the owner of the subject property and granted a directed verdict in favor of the LLC. Roseman argues that a trial court may not take judicial notice of prior proceedings in a separate lawsuit. The LLC argues that the trial court correctly determined in its May 10, 2022 judgment entry that the LLC was the titled owner of the subject property and, therefore, Roseman was barred by res judicata from attempting to relitigate that issue during the second forcible entry and detainer action. The LLC argues, alternatively, that the trial court's recognition of its prior

decision that the LLC was the titled owner was permissible under Evid.R. 201 or constituted harmless error.

{¶ 15} On appeal, we review a motion for a directed verdict under a de novo standard of review. *Simbo Properties v. M8 Realty, L.L.C.*, 2019-Ohio-4361, 149 N.E.3d 941, ¶ 10 (8th Dist.), quoting *Ridley v. Fed. Express*, 8th Dist. Cuyahoga No. 82904, 2004-Ohio-2543, ¶ 82.

{¶ 16} We find the doctrine of res judicata is dispositive of Roseman's second assignment of error. "Res judicata ensures the finality of decisions." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Res judicata incorporates claim preclusion and issue preclusion:

> Claim preclusion holds that "[a] valid, final judgment[] on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." [*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995)], at syllabus. Issue preclusion, also known as collateral estoppel, provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different[.]" *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). While claim preclusion precludes relitigation of the same cause of action, issue preclusion precludes relitigation of an issue that has been actually and necessarily litigated and determined in a prior action. *Id.*, citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112, 254 N.E.2d 10 (1969).

*Lemons v. State*, 2020-Ohio-5619, 164 N.E.3d 538, ¶ 35 (8th Dist.).

{¶ 17} At issue in this case is collateral estoppel or issue preclusion.

> To successfully assert collateral estoppel, a party must establish: (1) the party against whom estoppel is sought was a party or in privity with a

party to the previous case; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the previous case.

*Davet v. Mikhli*, 8th Dist. Cuyahoga No. 97291, 2012-Ohio-1200, ¶ 11, citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1980). "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.'" *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813, 623 N.E.2d 213 (8th Dist.1993), quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74, 369 N.E.2d 776 (1977).

{¶ 18} A forcible entry and detainer action determines the right to present possession of real property, but such an action does not necessarily determine ownership of title of the property. R.C. 1923.019; *Haas*, 175 Ohio St. at 329-330, 194 N.E.2d 765. However, when "possession is dependent on title, it is the present title which controls," and the court may establish the right to possession by determining who holds the present title. *Haas* at 330. Absent a party's ability to provide a right to possession through record title, "the forcible entry and detainer action statute would have little meaning." *Haas* at 331.

{¶ 19} The parties to the original forcible entry and detainer action were the same as those named in the instant case for forcible entry and detainer action. In the original forcible entry and detainer action, the issue of who was the present

record title holder — or who had the right to possess the subject property — was necessary to determine the court's final judgment. In the original action, the parties — Green, Fipps, and Roseman — were provided a full and fair opportunity to litigate the issue, and the trial court then rendered a well-reasoned decision in its May 10, 2022 judgment entry that found the LLC held the present record title of the subject property. The May 10, 2022 judgment entry reads in pertinent part:

> This matter came for hearing on [the LLC's] complaint seeking possession of the property and Defendant Green's motion to dismiss the case for lack of subject matter jurisdiction. Evidence was taken and the matter was taken heard and submitted.
>
> [The LLC] presented evidence through its agent that, pursuant to a tax foreclosure action in the Common Pleas Court, title to the subject property was conveyed to it under a sheriff's deed recorded May 21, 2021 (Plaintiff's Exhibit D-1). Further evidence was presented that a notice to leave the premises was properly served (Plaintiff's Exhibit E).
>
> * * *
>
> [The LLC] submitted Exhibits A through E. Defendant Green objected to one of the pages within Exhibit D that purports to be a Journal Entry filed in the Common Pleas foreclosure case on February 14, 2019. She made no other objections, and, although she takes issue with how it was obtained, she did not dispute the authenticity of the sheriff's deed, Exhibit 1, within Plaintiff's Exhibit D. Defendants submitted Exhibits 1, the quitclaim deed recorded July 26, 2016, and Exhibit 2, Defendant Roseman's written lease; Plaintiff had no objection to either exhibit.
>
> * * *
>
> In the present action, although there may be some question as to whether [Green] still held title to the property individually after she transferred it to an entity, there is no bona fide question as to the present record title being with [the LLC].

{¶ 20} Because the LLC's interest in the property was established in the original forcible entry and detainer action following extensive proceedings in which all parties, including Roseman, were given a full and fair opportunity to litigate the issue, Roseman may not relitigate the LLC's interest in the subject property. Roseman's claim against the LLC's status as title holder of the property is barred by issue preclusion. *See Davet,* 8th Dist. Cuyahoga No. 97291, 2012-Ohio-1200, at ¶ 13 ("Davet's claimed interest in real property was barred by issue preclusion when his interest was previously extinguished in a foreclosure action following extensive proceedings during which Davet was provided a full and fair opportunity to litigate the issue."). Accordingly, the trial court did not err when it granted the LLC's directed verdict in the second forcible entry and detainer case based upon its prior finding that the LLC was the present title holder of the subject property and the evidence introduced at trial that substantiated the LLC's forcible entry and detainer action.

{¶ 21} We note that Roseman argues the trial court improperly took judicial notice of its May 10, 2022 judgment entry and the determination that the LLC was the present title holder of the subject property. However, it was counsel for the LLC, not the trial court, who stated the court's ruling was based upon judicial notice. Tr. 116-117. The trial court stated throughout the pretrial motions and trial that Roseman was precluded from presenting any evidence related to ownership of the property because the issue was previously litigated in the original forcible entry and detainer action. In ruling on the LLC's motion for a directed verdict, the trial court

specifically stated that it previously determined in the original forcible entry and detainer action that the LLC was the owner of the subject property.  Tr. 125.  The trial court's March 6, 2023 judgment entry utilized the same verbiage.

{¶ 22} For the foregoing reasons, Roseman's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR