[Cite as *Ward v. Chorich*, 2023-Ohio-3799.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DAVID J. WARD, ET AL.,                    :

    Plaintiffs-Appellees,              :

                        No. 112674

    v.                                 :

ANITA CHORICH,                            :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 19, 2023

---

Civil Appeal from the Berea Municipal Court
Case No. 23 CVG 00657

---

### *Appearances:*

James Ross, *pro se.*

Anita Chorich, *pro se.*


FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Anita Chorich ("tenant") appeals the decision of the Berea Municipal Court in a forcible entry and detainer action brought by appellees David J. Ward ("Ward") and James Ross ("Ross") (collectively "landlords"). Tenant argues that the trial court erred in overruling her objections to the magistrate's decision

relating to service and notice of the forcible entry and detainer hearing. For the reasons that follow, this court affirms.

## I. Factual and Procedural History

{¶ 2} On March 22, 2023, landlords filed a complaint in forcible entry and detainer for the premises known as 6090 Gaynor Drive in Brook Park, Ohio ("the lot"). In the complaint, landlords averred that tenant unlawfully remained on the lot that she had previously owned even after landlords purchased the lot in a foreclosure sale. The foreclosure sale occurred on February 13, 2023, pursuant to a court order in Cuyahoga C.P. No. CV-17-887246. The complaint further alleged that on February 16, 2023, tenant was served with a 30-day notice to vacate, and then, on March 16, 2023, tenant was served with a three-day notice. Both notices were required under law to proceed with the forcible entry and detainer action and attached to the complaint as exhibits.

{¶ 3} A hearing was scheduled for April 5, 2023. However, due to a conflict with the assigned magistrate, the case was transferred to another magistrate and rescheduled for April 12, 2023.

{¶ 4} Following the April 12, 2023 hearing, the magistrate filed a report and recommendation. The report indicated that tenant did not appear and made the following relevant findings of fact: (1) Ross was the owner of the lot; (2) landlords served tenant with a three-day notice; (3) the alleged grounds for eviction were non-color of title and foreclosure; and (4) tenant had lost title to the lot through a foreclosure proceeding on February 13, 2023, and had not entered into a rental

agreement with the landlords since that time. The report indicated the following relevant conclusions of law: (1) landlords established, by a preponderance of the evidence, that they served the three-day notice as required by law; (2) landlords established by a preponderance of the evidence that they are entitled to judgment based on foreclosure and non-color of title; and (3) Ward served tenant with all other notices as required by law.

{¶ 5} The magistrate recommended judgment for landlords and scheduled a tentative move-out date on or before April 21, 2023. Landlords requested a writ of restitution immediately following the hearing before the magistrate.

{¶ 6} On April 17, 2023, tenant filed a motion to stay the move-out date. In the motion, tenant argued that she could not vacate the premises on or prior to April 21, 2023, because she had concurrently filed objections to the magistrate's decision. She also argued that she is a senior citizen with limited finances and does not have the resources to move out by April 21, 2023.

{¶ 7} In tenant's objections to the magistrate's decision, tenant contended that she only received the notice setting the hearing for April 5, 2023, not the notice rescheduling the hearing for April 12, 2023.

{¶ 8} On April 20, 2023, the trial court granted tenant's motion to stay pending the court's ruling on tenant's objections to the magistrate's decision.

{¶ 9} On April 25, 2023, the trial court entered judgment overruling tenant's objections and adopting the magistrate's report and recommendation. The court

rescheduled the move out for April 27, 2023, or after. Tenant filed the instant appeal.

{¶ 10} On April 28, 2023, the trial court ordered a stay of the move-out date until the conclusion of this appeal.

{¶ 11} Tenant assigns two errors for our review:

I.     The trial [c]ourt erred in its decision not to vacate the default judgment even after the objection to [m]agistrate's decision was filed and notice provided.

II.    The [t]rial [c]ourt violated [a]ppellants due process rights by allowing the matter to proceed to eviction and posted notice of removal after [a]ppellants provided the [c]ourt [n]otice of her non-receipt of the hearing date.

## II. Law and Analysis

{¶ 12} Preliminarily, we note that tenant's and landlords' briefs both contain several factual claims pertinent to the history of this case that are not contained in the trial court record. App.R. 16(A)(6) and 16(B) require appellate briefs to include facts relevant to the assignments of error with "appropriate references to the record[.]" Pursuant to App.R. 16, we elect to only address and consider facts appropriately preserved in the record before us.

{¶ 13} Tenant's assignments of error are related and stem from the same analysis; we therefore elect to address them together. In her first and second assignments of error, tenant argues that the trial court erred in overruling her objections to the magistrate's decision relating to service and notice of the hearing.

{¶ 14} A trial court's ruling on objections to a magistrate's decision are reviewed for an abuse of discretion. *CS/RW Westlake Indoor Storage, L.L.C. v.*

*Kesi, L.L.C.*, 8th Dist. Cuyahoga No. 102535, 2015-Ohio-4584, ¶ 12, citing *Remner v. Peshek*, 7th Dist. Mahoning No. 97-C.A.-98, 1999 Ohio App. LEXIS 4802 (Sept. 30, 1999). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. An abuse of discretion has also been described as occurring when the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Montgomery*, 169 Ohio St.3d 84, 2022-Ohio-2211, 202 N.E.3d 616, ¶ 135, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} R.C. 1923.07, governing forcible entry and detainer actions, provides that "[i]f the [tenant] does not appear in action under this chapter and the summons was properly served, the court shall try the cause as though the [tenant] were present."

{¶ 16} In forcible entry and detainer actions, service of process is deemed complete on the date that service is made if service is made pursuant to R.C. 1923.06(D)(2)(a) or (b). R.C. 1923.06(G)(1). Subsections (D)(2)(a) and (b) provide that service can be effectuated by "locating the person to be served at the premises to tender a copy of the process and accompanying documents to that person" or "by leaving a copy of the summons * * * with a person of suitable age and discretion found at the premises if the person to be served cannot be found at the time the person making service attempts to serve the summons pursuant to division (D)(2)(a) of this section[.]"

{¶ 17} In her objections and on appeal, tenant argues that the trial court erred in finding that she was properly served with the rescheduled hearing date in this matter.  In her brief, tenant details that she was served with the initial summons "on or about March 27, 2023."  Tenant then claims that the next day, March 28, 2023, "the same Sheriffs Officer returned to the property" and served her with the same hearing notice showing a date of April 5, 2023, as opposed to a different document showing the rescheduled hearing date.  Tenant further details that she appeared at the trial court on April 5, 2023, but was told that "the matter was not scheduled for a hearing that day due to a conflict on the courts calendar" and that "the matter was being reset and notice would be provided."  Tenant did not attach any documents or copies of the notices she received to her objections filed in the trial court.

{¶ 18} Despite tenant's claims, the trial court's docket reflects a different sequence of events.  According to the docket, the bailiff personally served the initial summons on the tenant on March 23, 2023.  On March 27, 2023, the trial court continued the hearing to April 12, 2023, and the docket reflects that three notices were generated reflecting the new hearing date.  The trial court's record indicates that two of these notices were mailed to the tenant and Ward's attorney respectively; the final notice was personally served by the bailiff to the tenant on March 28, 2023, a day after the new hearing notice was generated.  Notably, all of these events occurred prior to April 5, 2023, when tenant allegedly appeared for the hearing.

{¶ 19} Pursuant to R.C. 1923.06(G)(1), service of both the summons and the newly generated hearing notice were complete since the statute does not require

anything further. *See, e.g.*, *Machshonba v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96811, 2011-Ohio-6760, ¶ 18.

{¶ 20} The magistrate found that tenant was served with all notices as required by law, and the trial court reviewed this finding since tenant raised the insufficiency of notice and service in her objections. Based on the record before us, we cannot say that the trial court abused its discretion in adopting the magistrate's finding that service was complete as of the date of the hearing. Further, pursuant to R.C. 1923.07, the trial court was permitted to hold the hearing in tenant's absence upon finding that service upon tenant was complete.

{¶ 21} Tenant's first and second assignments of error are overruled.

### III. Conclusion

{¶ 22} The trial court did not abuse its discretion in overruling tenant's objections to the magistrate's decision because the record supports a finding that tenant was properly served with the summons and notice of the rescheduled hearing. The trial court also did not err in holding the forcible entry and detainer hearing without tenant present since the record reflects that tenant was properly served with the summons and the notice of the rescheduled hearing.

{¶ 23} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR