[Cite as *Roseman v. Costello*, 2023-Ohio-4549.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RONALD ROSEMAN,  :

    Relator,  :

                                  No. 113146

    v.  :

JUDGE JAMES J. COSTELLO,  :

    Respondent.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** December 12, 2023

---

Writ of Prohibition
Order No. 568473

---

### *Appearances:*

Ronald Roseman, *pro se.*

William R. Hanna, City of Cleveland Heights Director of Law, and Laure Wagner, Assistant Director of Law, *for respondent.*

LISA B. FORBES, J.:

{¶ 1} On September 5, 2023, the relator, Ronald Roseman, commenced this prohibition action against the respondent, Cleveland Heights Municipal Court Judge James J. Costello, to prevent the judge from adjudicating a motion to vacate a stay of writ of execution in the underlying case, *USHA PILLAI IRA LLC* ("the LLC")

*v. Roseman,* Cleveland Hts. M.C. No. CVG2201563. On the same day, this court issued an alternative writ prohibiting the respondent from adjudicating the motion to vacate stay until further order of this court and establishing a briefing schedule. Pursuant to that schedule, the respondent filed his brief on September 20, 2023, and Roseman filed his reply on September 28, 2023. For the following reasons, this court dismisses this prohibition action for mootness.

{¶ 2} In the underlying case, on November 18, 2022, the LLC commenced a forcible-entry-and-detainer action against Roseman. On March 6, 2023, after a trial, the respondent judge granted a directed verdict for the LLC against Roseman as to the issue of possession. On March 9, 2023, Roseman filed a motion to stay the writ of restitution and his notice of appeal, *USHA PILLAI IRA LLC v. Roseman,* 8th Dist. Cuyahoga No. 112524, 2023-Ohio-3480 ("the appellate case"). On March 15, 2023, the trial court granted the stay conditional upon Roseman depositing $1200 on the first business day of the court for each month during the pendency of the appeal.

{¶ 3} Roseman deposited the required amount through July 2023. However, by the middle of August 2023, Roseman had not deposited the $1200 for that month. On August 16, 2023, the LLC then moved to vacate the stay of the writ of restitution, and the trial court set the matter for hearing on September 6, 2023. The docket of the underlying case shows that Roseman deposited $1200 on August 22, 2023, and $1200 on September 5, 2023. Roseman then filed this prohibition action.

{¶ 4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). If a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981).

{¶ 5} Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶ 6} Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous

lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 7} Roseman argues that the transfer-of-jurisdiction principle divested the trial court from adjudicating the motion to vacate the stay. Filing a notice of appeal divests the trial court of jurisdiction over the case to the extent that it would interfere with the appellate court's ability to review, modify, affirm, or reverse the judgment being appealed. *Howard v. Catholic Social Serv. of Cuyahoga Cty.*, 70 Ohio St.3d 141, 637 N.E.2d 840 (1994), and *Lambda Research v. Jacobs,* 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39 (1st Dist.). Although a trial court has the jurisdiction to enforce its judgment absent a stay and the posting of a supersedeas bond, *State ex rel. Allenbaugh v. Sezon,* 11th Dist. Ashtabula No. 2022-A-0002, 2022-Ohio-1718, and the power to issue a stay, R.C. 2505.09 and App.R. 7, Roseman argues that the transfer-of-jurisdiction principle deprives the trial court of the power to adjudicate the further action of reexamining a stay once granted.

{¶ 8} On September 28, 2023, in the appellate case, this court affirmed the decision of the trial court and upheld the LLC's forcible-entry-and-detainer action. It further "ordered that a special mandate issue out of this court directing the

municipal court to carry this judgment into execution and returned the case to the trial court." This decision moots the issue of whether the transfer-of-jurisdiction principle precludes a trial court from adjudicating a motion to vacate a stay of execution.

{¶ 9} Accordingly, this court vacates the alternative writ and dismisses this application for a writ of prohibition as moot. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Writ dismissed.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MARY EILEEN KILBANE, J., CONCUR